# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH PALMISANO, *et al.*, | Civil Action No: |
| *Plaintiff*, | 17-cv-9371 (PGS)(TJB) |
| v. | |
| CROWDERGULF, LLC, *et al.*, | **MEMORANDUM AND ORDER** |
| *Defendants.* | |

Presently before the Court is Defendants James R. Johnson, David L. Johnson, and Carolyn J. Hordichuk's (hereinafter, "Bil-Jim Defendants") Motion to Dismiss Plaintiffs' Complaint, as it relates to Bil-Jim Defendants, for failure to state a claim. (ECF No. 21). Specifically, because the New Jersey Prevailing Wage Act does not impute personal liability, Defendants contend that Plaintiffs' claim against the Bil-Jim Defendants should be dismissed. For the reasons discussed herein, Defendants' Motion to Dismiss is granted.

### BACKGROUND

This is a putative class action based on alleged violations of the New Jersey Prevailing Wage Act (hereinafter, "PWA"), N.J.S.A. § 34:11-56.25 *et seq.* Plaintiffs Joseph Palmisano, Jay Hajeski, Sean Wall, and Walter Everett filed this complaint, individually and behalf of others similarly situated, based on Defendants CrowderGulf, LLC; Bil-Jim Construction Co., Inc.; Maple Lake, Inc.; R. Kremer and Son Marine Contractors, LLC; John C. Ramsay; Lyman W. Ramsay, Jr.; James R. Johnson, Jr.; David L. Johnson; and Carolyn J. Hordichuk (collectively,

1

"Defendants") failure to properly pay Plaintiffs their prevailing wage for work they performed on public work projects. (Complaint at ¶ 1).

In January 2013, CrowderGulf entered into contracts with the State of New Jersey to perform "waterway debris removal services," from the damage caused by Hurricane Sandy (hereinafter, "Sandy Project"). (Complaint at ¶ 6). The project took place in the "Central Region" of New Jersey, primarily the Barnegat Bay waterway and nearby beaches, and involved the "dredging of 'displaced sand' from the bay, transporting it, and using it . . . to rebuild nearby beaches, sand dunes, and sand bars." (*Id.* at ¶¶ 9, 36). On February 28, 2013, CrowderGulf subcontracted its work with the State to Bil-Jim, which then subcontracted with other entities, including Kremer Marine, to perform various services under the Sandy Project. (*Id.* at ¶¶ 14, 22). Plaintiffs Palmisano and Hajeski were both employees with Kremer Marine and worked as, among other things, tug boat operators and operator engineers on the Sandy Project. (*Id.* at ¶¶ 30-31). According to the Complaint, from May 2013 to September 2013, both worked "in excess of 40 hours per week, over 8 hours per day, more than a single shift in a day, on weekends, and on holidays." (*Id.*). Similarly, Plaintiffs Wall and Everett worked for Bil-Jim as, among other things, mechanics and engineers on the Sandy Project. (*Id.* at ¶¶ 32-33). From November 2012 to March 2013, both claimed to have worked "in excess of 40 hours per week, over 8 hours per day, more than a single shift in a day, on weekends and on holidays." (*Id.*).

According to the Complaint, the Sandy Project was paid entirely out of the funds of a "public body" and involved work performed exclusively on land owned by a public body, as within the meaning of N.J.S.A. §§ 34:11-56.26(4)-(5). (*Id.* at ¶¶ 40-41). Moreover, Plaintiffs claim they "did not receive prevailing wages for the work they performed on the Sandy Project, including but not limited to full prevailing wages . . . , 'Shift Differentials', PWA-defined 'Overtime', 'Double

Time' for work performed on Sundays and Holidays, and/or other PWA benefits – as delineated in the PW Rate Sheets. (*Id.* at ¶ 43).

In addition to bringing suit against Bil-Jim, Plaintiffs have named as defendants Bil-Jim's officers: President, James Johnson; Vice President, David Johnson; and Secretary/Treasurer Carolyn J. Hordichuk. (*Id.* at ¶ 28). Plaintiffs claim that, as "officers, principals, directors, supervisors, or managers," they were "responsible for [Bil-Jim's] failure to comply with the PWA – to their employees and to the employees of their subcontractors and sub-subcontractors." (*Id.* at ¶ 64). As such, Plaintiffs claim, "Defendants violated the PWA by failing to pay Plaintiffs for the subject public work, at prevailing wage rates ('Base' plus 'Fringe' rate), 'Shift Differentials', 'Overtime', 'Double Time' for work performed on Sundays and Holidays, and/or other PWA benefits – all as defined in the applicable PW Rate Sheets; and therefore Defendants are liable to Plaintiffs." (*Id.* at ¶ 65).

The Court was presented with essentially the same factual allegations in a related matter, *Wall, et al. v. Bil-Jim Construction Co., Inc., et al.*, 15-cv-8982 (D.N.J. Mar. 7, 2016). In that case, the Court granted the Bil-Jim Defendants' Motion to Dismiss for failure to state a claim. (ECF No. 26). In a written order, the Court granted Plaintiffs thirty days to file an amended complaint to address these deficiencies, which they did not do. (ECF No. 22).

The Bil-Jim Defendants again seek dismissal of Plaintiffs' Complaint, since individual liability is not permissible under the PWA.

### LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable

3

to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal,* 556 U.S. at 678-79; *see also Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium,* 214 F.3d 395, 397-98 (3d Cir. 2000).

ANALYSIS

I. Personal Liability Under the PWA

Defendants seek dismissal of the Complaint as to the Bil-Jim Defendants, in their individual capacities, since the PWA does not permit personal liability. Plaintiffs respond, contending that the PWA applies the New Jersey Wage Payment Law's ("WPL") definition of "employer," which would hold the Bil-Jim Defendants individually liable. The Court disagrees.

The PWA provides that laborers on certain public works projects are to be paid the prevailing wage. N.J.S.A. § 34:11-56.27. The purpose of the Act was "to establish a prevailing wage level for workmen engaged in public works in order to safeguard their efficiency and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to efficiency and well-being." N.J.S.A. § 34:11-56.25. The Act also authorizes civil actions by workmen to recover the difference between the prevailing wage and actual wage paid:

> If any workman is paid by an employer less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between such workman and the employer to work for less than such prevailing wage shall be no defense to the action.

N.J.S.A. § 34:11-56.40. Although the PWA does not explicitly define "employer," the regulations promulgated under the authority of the PWA define "employer" as "any natural person, company, firm, subcontractor or other entity engaged in public work." N.J.A.C. § 12.60-2.1; *see also* N.J.S.A. § 34.11-56.43. The issue at the heart of this motion is whether the Bil-Jim Defendants fit within this definition of employer.

Relying on the plain language of the regulation, Defendants contend that "employer" is limited to the entity or individual that obtains and performs work under the contract, which would be Bil-Jim, not the individual defendants. (Defs' Brief in Support at 7-8). In support, Defendants note that under the debarment provisions of the PWA, any contractor or subcontractor who is found to have violated the PWA is ineligible to perform public work contracts for three years. *See* N.J.S.A. § 34:11-56.38. Here, the regulation defines a contractor as "a person who undertakes to perform a job or piece of a public works project . . . and who retains control of the means, method and manner of accomplishing the desired result. Contractor includes the officers and directors of a corporate contractor." N.J.A.C. § 12:60-7.2. As such, Defendants contend that, under the PWA framework, "corporate officers and directors can be subjected to personal debarment by the New Jersey Department of Labor and Workforce Development, but they cannot be subjected to personal liability for any alleged failure by the corporation to pay the appropriate wages." (Defs' Brief in Support at 8).

5

Plaintiffs respond, contending that the phrase "any natural person" places the Bil-Jim Defendants within the definition of "employer." Here, Plaintiffs rely on the WPL's definition of employer in support of their contention that the Bil-Jim Defendants remain personally liable. The WPL defines employer as:

> [A]ny individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State.
>
> For the purposes of this act the officers of a corporation and any agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation.

N.J.S.A. § 34:11-4.1(a). Relying on this language, Plaintiffs contend that both Bil-Jim and the individual defendants remain individually liable for violating the PWA since they paid them below the prevailing wage. Essentially, Plaintiffs seek for the Court to invoke the doctrine of *in para materia* and read the WPL's definition of employer into the PWA. However, "[t]he doctrine is not invoked to engraft the terms of one statute onto another merely because the general subject matters of the two enactments are similar." *Int'l Bhd. of Elec. Workers v. Gillen*, 416 A.2d 446, 447-48 (N.J. Super. Ct. App. Div. 1980). In fact, courts have rejected similar attempts by parties seeking to read the WPL's language or regulations into the PWA. For example, in *Troise v. Extel Communications, Inc.*, 784 A.2d 748, 753 (N.J. Super. Ct. App. Div. 2001) the New Jersey Appellate Division refused to impute the statute of limitations under the New Jersey Wage and Hour Law (hereinafter, "WHL"), a statute related to the WPL, to the PWA. In doing so, the court noted that while the WHL and PWA are similar laws that use similar language, "they are separate and distinct legislative enactments." *Id.* Similarly, in *New Jersey v. Haig's Service Corporation*, No. 12-497, 2016 U.S. Dist. LEXIS 113188, at *37 (D.N.J. Aug. 24, 2016), Judge Martini refused to find the defendant's branch manager and contractor individually liable for failing to properly

pay employees for prevailing wage work. *Id.* The court explained that, unlike the Fair Labor Standards Act and the WPL, both of which impose individual liability on officers of a corporation, "the NJPWA employs the narrowest definition of employer, providing for no individual liability." *Id.* (citing N.J.S.A. § 12:60-2.1).

For the above reasons, because the Bil-Jim Defendants cannot be held individually liable under the PWA, Defendants' Motion to Dismiss is granted. Moreover, because the Court in *Wall* gave Plaintiffs an opportunity to amend their complaint, which they failed to do so, and since the present matter has the same deficiencies that plagued the prior cause of action, further opportunity to amend would be futile. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

## II. Collateral Estoppel

The Court briefly notes Plaintiffs' collateral estoppel argument is misplaced. Here, Plaintiffs seek to invoke the doctrine of collateral estoppel to deny Defendants' motion to dismiss, since this issue was previously adjudicated in the *Wall* case.

"Offensive collateral estoppel occurs whenever a plaintiff seeks to estop a defendant from relitigating an issue which the defendant previously litigated and lost against another plaintiff." *Raytech Corp. v. White*, 54 F.3d 187, 190 n.5 (3d Cir. 1995) (citing *Parklane Hosiery Co. v. White*, 439 U.S. 322, 329 (1979)). Moreover, "in cases where a plaintiff could easily have joined in the earlier action or where . . . the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel." *Parklane*, 439 U.S. at 331. Here, fatal to Plaintiffs' use of the doctrine is the fact that Defendants prevailed in the earlier proceeding; as such, offensive estoppel is inapplicable. *See Parklane*, 439 U.S. at 329 ("In both the offensive and defensive use situations, the party against whom estoppel is asserted has litigated and lost in an earlier action"). Therefore, Plaintiffs' equitable estoppel argument is without merit.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this __29__ day of __May__, 2018,

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 21) is **GRANTED** with prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.